UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>          Plaintiff,         )<br>                             )<br>     v.                      )   No. 4:09CR171 ERW<br>                             )              (FRB)<br> JODY NICCUM,                 )<br>                             )<br>          Defendant.         )  | |

**MEMORANDUM,
REPORT AND RECOMMENDATION
<u>OF UNITED STATES MAGISTRATE JUDGE</u>**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). On March 16, 2009, the defendant filed a Motion To Suppress Statements (Docket No. 13); a Motion To Suppress Evidence (Docket No. 14); and a Motion To Dismiss Indictment (Docket No. 16). The government responded to each of the motions on March 23, 2009 (Docket Nos. 19 and 20). On March 31, 2009, counsel for the parties, and the defendant personally, appeared before the undersigned for a hearing on all pretrial motions. At that time the defendant withdrew his previously filed Motions To Suppress Statements and Evidence. The defendant chose to proceed with his Motion To Dismiss Indictment. It was agreed that the motion could be taken up without testimony or evidence and would be considered on the memoranda filed by the parties in support of their respective positions.

The defendant is charged by way of indictment with being in possession of firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The offense is alleged to have occurred on October 28, 2008. It appears from their respective memoranda that the parties agree that for purposes of proving the allegations in the indictment the government intends to offer evidence that in 1992 the defendant was sentenced in St. Francois County, Missouri, to a term of four years imprisonment for the offenses of Burglary Second Degree and Stealing.

The defendant avers that he is shielded from prosecution in this case by operation of statute, that is 18 U.S.C. § 921(a)(20). That statute provides as follows:

> (20) The term "crime punishable by imprisonment for a term exceeding one year" does not include -
>
> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
>
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction

>             for purposes of this chapter, unless such
>             pardon, expungement, or restoration of civil
>             rights expressly provides that the person may
>             not ship, transport, possess, or receive
>             firearms.

The defendant maintains that at the time of his conviction in 1992 a person convicted of a felony offense was prohibited from possessing a firearm only if he had been convicted of a "dangerous felony". Mo.Rev.Stat. § 571.070. He further asserts that none of the offenses of which he was convicted is defined as a dangerous felony. See Mo.Rev.Stat. § 556.061. He claims that he was therefore lawfully entitled to possess firearms under Missouri law upon completion of his sentence. However, the mere fact that state law might permit the possession of a weapon by a convicted felon does not necessarily preclude federal prosecution under 18 U.S.C. § 922(g)(1). Caron v. United States, 524 U.S. 308, 315 (1998).

In order to avail himself of the protection of 18 U.S.C. § 921(a)(20), the defendant must have had his civil rights substantially restored under Missouri law after conviction. The Eighth Circuit Court of Appeals has held that Missouri law does not substantially restore the civil rights of a convicted felon upon completion of sentence. Pressley v. United States, 851 F.2d 1052 (8th Cir. 1988); United States v. Brown, 408 F.3d 1016, 1017-18 (8th Cir. 2005). ("Because Missouri withholds substantial civil rights, [the defendant] has not been restored to sufficient civil rights in order to invoke section 921(a)(20).") Several other circuit courts, applying Missouri law, have reached the same

conclusion. See <u>United States v. Williams</u>, 128 F.3d 1128, 1134 (7th Cir. 1997); <u>United States v. Meeks</u>, 987 F.2d 575, 577-78 (9th Cir.), <u>cert. denied</u>, 510 U.S. 919 (1993).

Therefore, prosecution of the defendant is not barred by the provisions of 18 U.S.C. §921(a)(20), and the defendant's Motion To Dismiss Indictment (Docket No. 16) should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion To Dismiss Indictment (Docket No. 16) be denied.

The parties are advised that they have until **May 11, 2009,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of May, 2009.