UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CR00171 ERW |
| | ) | |
| JODY NICCUM, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles as to Defendant Jody Niccum's Motion to Dismiss Indictment [doc. #22], pursuant to 28 U.S.C. § 636(b).

Defendant Jody Niccum ("Defendant") filed a Motion to Dismiss [doc. #16], asking that the Court dismiss the indictment in the case, in which he is charged with possession of firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant also initially filed a Motion to Suppress Statements [doc. #13] and a Motion to Suppress Evidence [doc. #14]. On March 31, 2009, while appearing before Magistrate Judge Buckles, Defendant withdrew his previously filed Motion to Suppress Statements and Motion to Suppress Evidence. He did, however, choose to proceed with his Motion to Dismiss. On May 5, 2009, Magistrate Judge Buckles issued a Report and Recommendation with respect to Defendant's Motion to Dismiss, concluding that it should be denied. Defendant filed Objections to the Report and Recommendation [doc. #24]. The Court concludes that the Magistrate Judge's findings were correct, and therefore adopts the Magistrate Judge's findings of facts and conclusions of law.

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (*citing* 28 U.S.C. § 636 (b)(1)).[1] The district court has wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is uncontested that in 1992, Defendant was sentenced in St. Francois County, Missouri, to a term of four years imprisonment for the offenses of Burglary Second Degree and Stealing. The indictment in this case alleges that on October 28, 2008, Defendant had in his possession seven firearms, in violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a person to possess a firearm when that person has been convicted of a crime punishable by imprisonment for more than one year.

Defendant first argues that he was lawfully permitted to possess a firearm upon the completion of his sentence. Defendant is correct that *under Missouri law* he was entitled to possess a firearm after he completed his four year term of imprisonment for Burglary Second Degree and Stealing. *See* Mo. Rev. Stat. § 571.070 (1992) (prohibiting possession of a firearm for five years only if person had been convicted of a dangerous felony); Mo. Rev. Stat. § 556.061(8) (defining "dangerous felony," which does not include Burglary Second Degree or

---

[1]28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . ." The statute further provides that each party may file written objections within ten days of being served with a copy of the magistrate judge's report and recommendation. *Id.* § 636(b)(1).

2

Stealing).[2] However, his right to possess a firearm under state law does not affect the ability of the federal government to restrict this right. *Caron v. United States*, 524 U.S. 308, 315 (1998) ("Congress meant to keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by States. . . . If federal law is to provide the missing 'positive assurance,' it must reach primary conduct not covered by state law."). Thus, regardless of whether Defendant is entitled to possess a firearm under Missouri law, he can still be prosecuted for violating the federal law prohibiting possession of firearms.

Defendant also argues that the felon in possession statute does not apply to him because 18 U.S.C. § 921(a)(20) specifically excludes persons who have had their civil rights restored:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Defendant claims that some of his civil rights have been restored,[3] and therefore, he is excluded

---

[2] The Court notes, however, that Missouri recently amended Mo. Rev. Stat. § 571.070 to provide that any person who has been convicted of a felony is prohibited from knowingly possessing a firearm. Thus, it is possible that Defendant is no longer entitled to possess a firearm under Missouri law. However, the issue of whether this amended statute can be applied retroactively to Defendant is an issue that this Court need not, and declines to, address

[3] Defendant appears to argue that his right to possess a firearm was restored five years after he completed his probation and supervision with respect to the 1994 offenses. This is based on the Missouri law which prohibited persons convicted of a dangerous felony from possessing firearms for five years. *See* Mo. Rev. Stat. § 571.979 (1992). However, Defendant also argues, and this Court agrees, that this law does not apply to him because he was not convicted of a dangerous felony. Thus, Defendant's right to possess a firearm was never taken away from him and "[w]hat was never taken away cannot be 'restored.'" *United States v. Moore*, 108 F.3d 878, 881 (8th Cir. 1997); *see also Logan v. United States*, 128 S. Ct. 475, 481-85 (2007). Additionally, Defendant argues that he had other rights restored, namely the right to vote (restored upon release from confinement under Mo. Rev. Stat. § 561.026) and the right to hold office (restored upon completion of sentence under Mo. Rev. Stat. § 561.021.2).

3

from the class of persons subject to 18 U.S.C. § 922(g)(1). However, in order for the exclusion set forth in 18 U.S.C. § 921(a)(20) to apply, the state must restore more than *some* of the person's civil rights. *See United States v. Woodall*, 120 F.3d 880, 881 (8th Cir. 1997). Moreover, the Eighth Circuit has clearly held that although "Missouri automatically restores some civil rights, such as voting . . . and holding office," the state still "withholds substantial civil rights"[4] such that convicted persons are not "restored to sufficient civil rights in order to invoke section 921(a)(20)." *United States v. Brown*, 408 F.3d 1016, 1017 (8th Cir. 2005) (citing *Presley v. United States*, 851 F.2d 1052, 1053 (8th Cir. 1988); *United States v. Williams*, 128 F.3d 1128, 1134 (7th Cir. 1997) (applying Missouri law); *United States v. Meeks*, 987 F.2d 575, 577-78 (9th Cir. 1993) (applying Missouri law)). While it is true that Defendant has had some of his civil rights restored since the completion of his four year sentence, Missouri still withholds substantial civil rights from Defendant, the same civil rights that were withheld in *Brown*. Thus, the Court finds that Defendant has not had his civil rights restored to the extent required to invoke 18 U.S.C. § 921(a)(20).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jody Niccum's Motion to Dismiss Indictment [doc. #16] is **DENIED**.

Dated this 14th Day of May, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[4]Specifically, "felons may not serve as jurors, sheriffs, highway patrol officers, state fire investigators or employees, state lottery licensees or employees, or manage, conduct or operate bingo games." *United States v. Brown*, 408 F.3d 1016, 1017 (8th Cir. 2005).

4